

ENTERED
12/09/2019

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 19-33529-H2-7 |
| WAYNE LAWRENCE FRANKS | § | (Chapter 7) |
| | § | |
| DEBTOR. | § | |

### ORDER AUTHORIZING EMPLOYMENT OF ATTORNEYS
(Docket No. 25)

The Court, having considered the Application to Employ The Weisblatt Law Firm, P.L.L.C. (the "Firm") as special litigation counsel pursuant to 11 U.S.C. § 328(a) by Janet Northrup, chapter 7 trustee for the estate of Wayne Lawrence Franks (the "Trustee"), is of the opinion that the requested relief is in the best interest of the estate and its creditors; that the Firm represents no interest adverse to the estate in the matters upon which it is to be engaged and is a disinterested person within the definition of 11 U.S.C. § 101(14); and that the application should be approved. Accordingly, it is therefore

ORDERED THAT:

1. The contingency fee agreement attached as **Exhibit 1** is approved pursuant to 11 U.S.C. § 328(a).

2. The Firm is employed as special litigation counsel to provide all necessary legal services to the Trustee in this case as set forth on **Exhibit 1** and in the Application.

3. All requests for compensation shall be filed with this Court in accordance with the Bankruptcy Code, the Rules of Bankruptcy Procedure and the rules of this Court.

Signed:  December 06, 2019.

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

November 22, 2019

Ms. Janet Northrup
HughesWattersAskanase
1201 Louisiana, 28th Floor
Houston, Texas 77002

      Re:  Proposed Engagement Agreement; In re: Wayne Lawrence Franks, Case No. 19-33529; In the United States Bankruptcy Court for the Southern District of Texas, Houston Division; Special Litigation Counsel Proposal by The Weisblatt Law Firm PLLC regarding pursuit and recovery on Claims owned by the bankruptcy estate.

Dear Ms. Casciato Northrup:

  I am submitting this proposal under which *The Weisblatt Law Firm PLLC* (the "Firm") will undertake the analysis and pursuit of all counterclaims, cross-claims and the defense of all claims(the "Claims"), asserted in that certain lawsuit styled, *InnovationLand, LLC v Wayne Franks, et al*, Cause No 2018-41697 in the 80th Judicial District Court of Harris County, Texas (the "Lawsuit").

*Description of Engagement*

  The services the Firm will undertake on behalf of the bankruptcy estate of Wayne Franks will consist of prosecuting all counterclaims and cross-claims of the bankruptcy estate and the defense of all claims asserted against the bankruptcy estate in the Lawsuit. The Firm's work will include the drafting of documents, preparation of pleadings, attending hearings and trials, participating in negotiations, performing legal research, and conducting research, conferences and consultations as may be necessary to represent you with respect to the liquidation of all claims and the recovery of all amounts due and owing the bankruptcy estate in the Lawsuit. We will provide you with drafts of pleadings and a proposed course of action prior to the filing of any pleadings.  It is agreed and understood that no action will be taken without your express approval.

  Although the Firm will endeavor to obtain results satisfactory to you, we cannot guarantee that we will be successful.  As part of this agreement, you acknowledge that (i) neither the Firm nor any of its attorneys have made any promises or guarantees regarding any recovery under the Claims  or additional claims and you acknowledge that no guarantees or promises can be made regarding the outcome thereof; (ii) neither the Firm nor any of its attorneys have made any promises or guarantees regarding the length of time required to obtain any recovery on the Claims; and (iii) either at the beginning or during the course of their representation, the Firm may express their opinions or beliefs concerning the collection the Claims  and additional claims that might be anticipated; but that any such statement(s) are intended to be an expression of opinion only, based on information available at

**EXHIBIT 1**

Ms. Janet Northrup
November 22, 2019

the time, and must not be construed by you as a promise or guarantee, as no such promises or guarantees are possible.

To enable us effectively to perform the services contemplated, it is essential that you disclose fully and accurately all facts and keep us apprised of all developments relating to the Claims. You have agreed to cooperate fully with us and to make yourself available to attend meetings, conferences, hearings and other proceedings.

The Firm's representation will be limited to the specific matters referenced herein. The Firm is not undertaking, absent a specific engagement letter to the contrary, to represent you in other matters or in any general counsel capacity. You expressly represent that you have the full and complete authority to enter into this agreement, subject to approval of the United States Bankruptcy Court for the Southern District of Texas.

*Legal Fees*

In consideration of the legal services rendered and to be rendered by the Firm, you hereby assign, grant and convey to the Firm, as its compensation herein, a 45% undivided interest in the "*gross value of any settlement or recovery*" from the Claims.

You acknowledge that the foregoing contingency fee is not set by law, but is negotiable, and has been negotiated between you and the Firm.

The term "*gross value of any settlement or recovery*" as used above means the amount of cash plus the fair market value of any other property (real, personal or intangible), valued at the date received, recovered by or for you in connection with the Claims, including actual and punitive damages, interest and attorneys' fees. If attorneys' fees are recovered by suit, settlement, or in any other manner, then said attorneys' fees are added to any recovery and the contingency fee shall be computed on such "gross recovery." The "*gross value of any settlement or recovery*" will be calculated after deduction of any applicable taxes or expenses relating to the Claims and any collection relating thereto.

If a settlement includes future or periodic annuity payments, the contingency fee will be based on the cost of the entire settlement, if the cost can be determined after reasonable efforts. If the cost cannot be determined, the basis will be the present value of the settlement.

*Out-of-Pocket Expenses*

In addition to the foregoing contingency fee, subject to review and approval by the Bankruptcy Court, the Trustee shall reimburse the Firm its costs and expenses solely out of any proceeds received from the liquidation and collection of the Claims. Expenses include, but are not limited to, charges for photocopying, courier services, document retrieval costs, staff overtime when required by the client or the matters timing, printing, computer-assisted legal research, postage, long

**EXHIBIT 1**

Ms. Janet Northrup
November 22, 2019

distance, telex, telecopier, deposition, filing fees, witness and expert fees, subpoena fees, parking fees, tolls, travel expense (including mileage), and any fees for outside contract services.

*Payment Arrangements*

It is understood by and between us that fees for services rendered and reimbursements for disbursements and/or expenses are due and payable in full in Harris County, Texas.

*Settlements*

Any settlement offer received by the Firm will be immediately conveyed to you with our recommendation for acceptance or rejection.  Any settlement offer received by you will be conveyed to the Firm.

**No settlement of any nature shall be made without the approval of you and the United States Bankruptcy Court**.  You acknowledge that all communications from adverse parties or their counsel in connection with the Claims are required to be directed to the Firm, as counsel, pursuant to Texas Disciplinary Rule of Professional Conduct 4.02; and you agree to instruct all adverse parties and their counsel to communicate only through the Firm, unless the Firm agrees otherwise.

*Conflict Matters*

If a controversy arises between you and any other client of the Firm, the Firm, after taking into account the applicable rules of professional ethics, may decline to represent you or such other client or both you and such other client.  Following the conclusion of our representation in this matter, the Firm reserves the right to represent other future clients on unrelated matters which may be adverse to your interests.

*Withdrawal/Termination of Representation*

Our representation may be terminated prior to the conclusion of the matter covered under this engagement letter by written notice to the other party and Order from the Bankruptcy Court.

*Work Files – Retention and Disposition*

We will maintain all documents furnished to us in our files for this matter.  At the conclusion of the matter covered under this engagement letter (or earlier, if appropriate), it is your obligation to advise us as to which, if any, documents in our files you wish the Firm to return.  The Firm may keep copies thereof for our records to the extent we believe advisable.  The Firm will retain any remaining documents in our files for a period of three (3) years following conclusion of our representation in the matter.  THEREAFTER SUCH FILES MAY, AT OUR SOLE DISCRETION AND WITHOUT FURTHER NOTICE TO YOU, BE DESTROYED.

**EXHIBIT 1**

Ms. Janet Northrup
November 22, 2019

*E-Mail Communications*

To the extent appropriate, the Firm communicates with their respective clients (and others) by means of electronic mail. The use of e-mail has proved over time to be an effective and efficient means of exchanging both messages and documents. We are mindful of the concerns of some clients that e-mail transmissions could be compromised, and thus prohibit its use or prohibit its use in an unencrypted form. The use of encryption, however, though intended to be "seamless" in use, has caused difficulties in communicating with some parties. Thus, to avoid the possibility of disruptions in the flow of information, and prompted by the near-unanimity on the part of bar associations throughout the country as well as by the American Bar Association, in support of the preservation of attorney-client privileges in unencrypted e-mail communications, unless specifically instructed by you, we will assume your consent to the use of unencrypted e-mail as a means of communications.

*Approval of Terms of Engagement*

If the above and foregoing meets with your understanding, please so indicate by executing this Agreement in the place provided below for your signature. A copy of this Agreement should be retained for your files.

*Bankruptcy Court Approval*

**The parties acknowledge that the Bankruptcy Court must approve this agreement. Moreover, no compensation or expenses shall be paid without an order from the Bankruptcy Court.**

If you have any questions, please do not hesitate to call.

Very truly yours,

*The Weisblatt Law Firm PLLC*

By: _____
    *Andrew D. Weisblatt*


Accepted and Agreed this _____ day of November 2019:

_____
Janet Northup, Chapter 7 Trustee for Wayne Lawrence Franks

**EXHIBIT 1**

Ms. Janet Northrup
November 22, 2019

## **NOTICE TO CLIENTS**

The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys.

Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar Office of General Counsel will provide you with information about how to file a complaint.

For more information, please call 1/800/932-1900.  This is a toll-free phone call.

**EXHIBIT 1**